An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RACHEL DARLENE BARRETT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63997

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying appellant Rachel Barrett's post-conviction petition for a writ of habeas corpus. First Judicial District Court, Carson City; James Todd Russell, Judge.

Barrett claims that the district court erred by denying her petition without first conducting an evidentiary hearing. Barrett asserts that an evidentiary hearing was necessary to allow her "to testify regarding issues of ineffective assistance of counsel, her understanding of the guilty plea memorandum and entry of plea, and her mental health and use of psychotic medications at the time of her entry of plea." She further asserts that she was prejudiced by not being allowed the opportunity to cross-examine her counsel on these issues.

An evidentiary hearing is warranted only if a petitioner raises claims supported by specific factual allegations that are not belied by the record and, if true, would entitle her to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Because Barrett has not provided

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23795

this court with a copy of the petition filed below,[1] *see* NRAP 30(b)(3) (appellant's appendix shall include all "portions of the record essential to determination of issues raised in appellant's appeal"), we cannot say that the district court erred by denying the petition without first conducting an evidentiary hearing, *see* NRS 34.770(2). We conclude that Barrett has failed to demonstrate that she is entitled to relief, and we

ORDER the judgment of the district court AFFIRMED.[2]



_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

---

[1]Barrett's appendix includes a "Statement of Facts." This document does not bear a district court file stamp, *see* NRAP 30(c)(1), and it is not clear that this document was part of the post-conviction petition for a writ of habeas corpus filed in the district court. Assuming that this document was included in the petition filed below and accurately identifies the issues raised, we conclude that the district court did not err by denying the petition without first conducting an evidentiary hearing. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 987-88, 923 P.2d 1102, 1107 (1996).

[2]Appellant's appendix does not include all documents required under NRAP 30(b)(2). We caution appellant's counsel, Michael C. Novi, that future failure to comply with this court's rules when filing documents may result in the imposition of sanctions. *See* NRAP 3C(n).

cc: Hon. James Todd Russell, District Judge
Michael C. Novi
Attorney General/Carson City
Carson City District Attorney
Carson City Clerk